**In re KIT DIGITAL, INC. SECURITIES LITIGATION.**

No. 12 Civ. 4199 (VM).

United States District Court,
S.D. New York.

March 13, 2013.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

By order dated September 28, 2012, the Court appointed Houston Municipal Employees Pension System ("HMEPS") as Lead Plaintiff in the consolidated action *In re KIT Digital, Inc. Securities Litigation,*[1] and named Bernstein Liebhard LLP as Lead Counsel. (Dkt. No. 48.) This Decision and Order sets forth the Court's findings, reasoning, and conclusions in support of its September 18, 2012 Order.

By separate motions, eight plaintiffs, represented by separate counsel, filed applications for the Court to (1) appoint that movant as lead plaintiff in this action; and (2) approve its respective choice of attorney as lead counsel pursuant to the Private Securities Litigation reform Act of 1995 ("PSLRA"). Four movants subsequently conceded that they did not have the largest financial stake. *See* Dkt. No. 32 (Denver Employees Retirement Plan and the Oakland County Employees' Retirement System); Dkt. No. 34 (Franz Hellwig); Dkt. No. 35 (Marek Vasut); Dkt. No. 36 (Martin Feinberg). Two additional movants, City of Roseville Employees' Retirement System, and Aramis Capital Ltd. did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.[2] Two filed opposition briefs: HMEPS and Robert McHardy ("McHardy"),

1. As of the date of this Decision and Order, five related actions alleging violations of federal commodities laws have been filed and consolidated before the Court: (1) *McHardy, et al. v. KIT Digital, Inc.,* No. 12 Civ. 4199 (S.D.N.Y.); (2) *FBO Stephen N. Conrad Pershing LLC, et al. v. KIT Digital, Inc.,* No. 12 Civ. 5446 (S.D.N.Y.); (3) *Slattery v. KIT Digital, Inc.,* No. 12 Civ. 8732 (S.D.N.Y.); (4) *Hughes v. KIT Digital, Inc.,* No. 12 Civ. 9210 (S.D.N.Y.); (5) *MK Capital v. KIT Digital, Inc.,* No. 13 Civ. 0521 (S.D.N.Y.).

2. *See, e.g., Teran v. Subaye, Inc.,* No. 11 Civ. 2614, 2011 WL 4357362, at *2 n. 2 (S.D.N.Y. Sept. 16, 2011) (equating failure to file an opposition motion with withdrawal or abandonment

(Dkt.Nos. 37, 38.) For the reasons stated below, HMEPS's motion is **GRANTED** and McHardy's motion is **DENIED**.

## I. *BACKGROUND*

The claims in this class action suit arise out of alleged violations of the federal securities laws by defendant KIT digital Inc. ("KIT") between May 19, 2009 and November 21, 2012 (the "Class Period").

KIT engages "in acquiring and purportedly integrating companies that [are] in the business of marketing end-to-end technology platforms for [Internet Protocol-]based video content providers." (McHardy Compl. ¶ 2.) According to KIT's profile, this includes "ingestion, transcoding, storage, metatagging, localization, editing/repurposing, search optimization, advertising, syndication and unicast distribution." (Mem. in Support of Mot. of McHardy, (July 25, 2012) ("McHardy Mem.") at 4.)

This action arises out of a press release issued by KIT on May 3, 2012, prior to the opening of trading, stating that it was performing below guidance, and reporting a quarterly operating loss of $8 million as compared to adjusted earnings of 25 to 30 cents per share that KIT had announced in previous guidance. This disclosure allegedly prompted KIT common stock to lose 27% of its value on that day.

The various complaints filed by plaintiffs individually and on behalf of others similarly situated (the "Class"), allege that KIT's actions during the Class Period violated §§ 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5 promulgated thereunder, resulting in damages to themselves and others in the Class.

The Court here considers the remaining motions of McHardy and HMEPS.

## II. *DISCUSSION*

### A. *LEGAL STANDARD FOR LEAD PLAINTIFF APPOINTMENT*

The PSLRA provides the standard for selecting a lead plaintiff in class actions

of its initial motion to serve as lead plaintiff); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112,

brought pursuant to the Securities Exchange Act. The statute directs that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

The Court's identification of the presumptively most adequate lead plaintiff may be rebutted if class members offer evidence that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u–4(a)(3)(B)(iii)(II).

### B. *APPLICATION OF LEAD PLAINTIFF STANDARD*

The Court finds that HMEPS satisfies the three elements of the PSLRA requirements for presumptive lead plaintiff. Furthermore, McHardy fails to present any credible evidence to rebut HMEPS's position and the Court is unaware of any facts that would rebut HMEPS's position. Therefore, the Court appoints HMEPS as Lead Plaintiff and its chosen counsel, Bernstein Liebhard L.L.P., as Lead Counsel.

#### 1. HMEPS Satisfies the PSLRA Standard for Presumptive Lead Plaintiff

##### a. The motions are timely

McHardy published the notice, required by the PSLRA, on May 26, 2012 informing potential class members of the action and op-

116 (S.D.N.Y.2010) (same).

portunity to seek appointment as lead plaintiff. McHardy and HMEPS filed their respective motions on July 25, 2012. Both movants' motions were filed within sixty days of the Notice's publication. Both movants therefore satisfy § 78u–4(a)(3)(B)(iii)(I)(aa).

### b. HMEPS has the largest financial interest in the relief sought by the Class

 Though the PSLRA offers no guidance as to how to measure which proposed plaintiff has the "largest financial interest," courts in this District overwhelmingly rely on the factors derived from *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D.Ill. Aug. 11, 1997), and *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y.1998), to evaluate which prospective lead plaintiff has the greatest financial interest. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y.2008). The *Lax/Olsten* factors include:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y.2007) (citations omitted). Financial loss, the last factor, is the most important element of the test. *See Reimer v. Ambac Fin. Grp.*, No. 08 Civ. 411, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) ("The fourth factor is viewed as the most important."); *Fuwei Films*, 247 F.R.D. at 437 ("This Court, like many others, 'shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.'" (quoting *Kaplan*, 240 F.R.D. at 93)).

The competing parties allege the following financial interests: McHardy alleges an estimated loss of $209,428.10, (McHardy Mem. at 3)[3]; and HMEPS alleges it purchased 124,050 shares of KIT and faces an estimated loss of $911,952.00. (Decl. of Joseph R. Seidman, Jr. in Support of HMEPS's Mot. ("Seidman Decl.") at Ex. 3; Mem. in Support of HMEPS's Mot. ("HMEPS Mem.") at 2).

The Court finds that HMEPS is the party with the greatest financial interest in the relief sought by the Class as determined by the *Lax/Olsten* test. Therefore, pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), HMEPS will be designated by this Court as the presumptive plaintiff if it otherwise satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

### c. HMEPS otherwise satisfies the requirements of Rule 23

 Rule 23 states that a party may serve as class representative only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). At this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient. *See Fuwei Films*, 247 F.R.D. at 439 ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23." (citing *Kaplan*, 240 F.R.D. at 94)). Further, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *Kaplan*, 240 F.R.D. at 94 (alteration in original); *see also Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08 Civ. 7281, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and ade-

---

**3.** McHardy provides a summary of purchases and sales of shares during the Class Period, McHardy Mem. Ex. B, but does not provide an estimated total number of shares purchased. (*See generally* McHardy Mem.)

quacy requirements have been satisfied." (citation omitted)).

■ HMEPS's claims are typical of the class. Like other Class members, it alleges that (1) it purchased KIT stock during the Class Period; (2) it purchased shares in reliance on KIT'S misrepresentations; and (3) it suffered damages as a result. (HMEPS Mem. 8–9.) *See Reimer*, 2008 WL 2073931, at \*4 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir.1992))); *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 85 (S.D.N.Y. 2007) ("In prosecuting their case, plaintiffs will necessarily seek to develop facts relating to the alleged accounting irregularities and the dissemination of allegedly false or misleading statements underlying their claims. Such allegations are generally considered sufficient to satisfy the typicality requirement.").

■ Further, based on the memoranda and declarations submitted by HMEPS's counsel, the Court is persuaded that HMEPS has made a preliminary showing that it will adequately protect the interests of the Class. HMEPS is represented by experienced and qualified attorneys; the Court is not aware of any interests HMEPS may have that are antagonistic to those of other Class members; and HMEPS has a significant financial interest in the outcome of action. *See Kuriakose*, 2008 WL 4974839, at \*4 (in examining adequacy, "the Court scrutinizes (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims" (quoting *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y.2004) (internal quotation marks omitted))). Also counseling in HMEPS's favor is the statutory preference for institutional lead plaintiffs. *See* S.Rep. No. 104–98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690, 1995 WL 372783 ("The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.").

HMEPS therefore satisfies all three PSLRA prongs and is entitled to a rebuttable presumption that it should be appointed lead plaintiff in this action.

### 2. HMEPS's Presumptive Status as Lead Plaintiff Has Not Been Rebutted.

HMEPS's status as the presumptively most adequate lead plaintiff "may be rebutted only upon *proof* by a member of the purported plaintiff class" that HMEPS will not fairly and adequately represent the class or protect its interests. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). McHardy is the only party that challenges HMEPS's designation as presumptive lead plaintiff. McHardy alleges (1) HMEPS has not established standing to sue because it has not established independent losses; (2) HMEPS is subject to unique defenses because of its relationship with a small mutual fund, Neumeier Poma ("NP"); and (3) HMEPS could face conflicted interests between its duties to the Class Members and its fiduciary duties to its current and future pensioners. (Reply Br. of McHardy in Further Support of His Mot. ("McHardy Reply") at 5–9.) However, McHardy provides no credible "proof" under the law to substantiate any of these allegations. The Court is not aware of any unique or potentially prevailing defenses that may be asserted against HMEPS, nor any other reason that would make HMEPS unable to fairly and adequately protect the Class. HMEPS is therefore appointed Lead Plaintiff in this action.

### a. HMEPS has standing to sue under the Securities Exchange Act

■ McHardy argues that HMEPS should not be the lead plaintiff because HMEPS does not have standing to sue under the Securities Exchange Act. (McHardy Reply at 5–7.) McHardy argues that because HMEPS purchased KIT stock through NP, "(a small cap mutual fund) in which HMEPS was only one of several investors," HMEPS

has not been personally injured. *Id.* at 5. McHardy suggests that, to have standing, HMEPS must demonstrate that it directly owns KIT shares that are independent of NP and that HMEPS "directed the purchase and sale of the shares for its own account." *Id.* at 5–6.

 A class representative need not have directly purchased shares, as long as it is the beneficial holder of the securities concerned. *See, e.g., W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche L.L.P.*, 549 F.3d 100, 107 (2d Cir.2008) (accepting that beneficial owners have standing to sue, which may be transferred to an agent to stand in the owners' place). Furthermore, a sworn declaration of ownership trumps speculation as to a party's property interest in relevant shares. *See, e.g., Teran v. Subaye, Inc.,* No. 11 Civ. 2614, 2011 WL 4357362, at *6 (S.D.N.Y. Sept. 16, 2011).

Here, McHardy cites cases in which the lead plaintiff happened to have been the actual purchaser and holder of the relevant securities, but cites no authority holding that that circumstance is a necessary requirement. In response, General Counsel for HMEPS, Erin Perales, filed an affidavit confirming that "HMEPS had title and ownership of all of its [KIT] shares at all relevant times, and that HMEPS is the entity that suffered the losses resulting from its [KIT] investment." (Dkt. No. 41.) McHardy's allegation fails to rise above speculation and Perales' affidavit controls. In so finding, the Court finds that HMEPS has standing.

### b. McHardy fails to rebut HMEPS's satisfaction of Rule 23's typicality prong

 Second, McHardy argues that HMEPS is not a typical member of the Class because HMEPS is subject to unique defenses. (McHardy Reply 7–8.) McHardy argues that because HMEPS has failed to explain its relationship with NP, it is possible that (1) HMEPS may have had "the ability, at all times during the Class Period, to move the market by itself," *id.* at 8; and (2) NP had access to information not available to other class members, so "HMEPS did not rely on the same information as other members of the Class in making its investment decisions," *id.*

McHardy cites no legal authority to support its challenges and "fails to identify (1) what, if any, unique defenses would apply to [the proposed lead plaintiff] and (2) how they would threaten to become the focus of the litigation." *In re Parmalat Sec. Litig.*, 04 MD 1653, 2008 WL 3895539, at *6 (S.D.N.Y. Aug. 21, 2008). Such "conclusory assertion[s]" are "insufficient to defeat a finding of typicality." *Id.*

Furthermore, regarding the allegation that HMEPS may have relied on information different from other Class members, courts in this district have found:

> "[W]here plaintiff's theory of liability is premised on the 'fraud on the market' presumption," Defendants' allegations that the lead plaintiff[']s investments were not made in reliance on alleged misstatements are "largely irrelevant." . . . *see also In re Indep. Energy Holdings P.L.C. Sec. Litig.*, 210 F.R.D. 476, 484 (S.D.N.Y.2002) ("While the extent of any non-reliance on [the part of lead plaintiffs] will certainly be a fact question to be decided at trial, it is unlikely to significantly shift the focus of the litigation to the detriment of the absent class members.").

*City of Livonia Emps.' Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 179 (S.D.N.Y.2012) (footnote omitted); *see also Parmalat*, 2008 WL 3895539, at *6 (finding that "a person is ineligible to represent a class of securities purchasers only if he 'clearly did not rely upon either the allegedly misleading financials *or* on the integrity of the market price or information'" (emphasis in original)); *In re Jackpot Enters. Sec. Litig.*, CV–S–89–805, 1991 WL 191240, at *8 (D.Nev. Mar. 28, 1991) ("[T]he information received through brokers and other secondary sources about publicly-traded securities is as affected by information available to the market as a whole as are the primary prices and movements of the securities themselves.").

Each and every complaint in this consolidated motion relies on the fraud-on-the-mar-

ket theory to establish liability.[4] (*See, e.g.,* McHardy Compl. ¶¶ 85–86; FBO Compl. ¶¶ 43–44; Slattery Compl. ¶¶ 79–80.) Accordingly, McHardy's challenge to HMEPS's reliance claim fails. McHardy's claim regarding HMEPS's unique market position also fails for lack of specificity. McHardy fails to rebut HMEPS's satisfaction of the typicality prong. Therefore the Court finds HMEPS a typical Class member.

### c. McHardy fails to rebut HMEPS's satisfaction of Rule 23's adequacy prong

 Finally, McHardy argues that HMEPS is a public employee pension fund that "face[s] unique difficulties that could make [HMEPS a] poor candidate[ ] to serve as Lead Plaintiff under certain circumstances, due to potential conflicts in [its] joint role as fiduciary for the prospective class, and [its] already existing fiduciary responsibility to its members which could negatively impact possible settlements under some circumstances." (McHardy Reply at 9.)

McHardy cites only *In re Oxford Health Plans*, 182 F.R.D. 42, 46–47 (S.D.N.Y.1998), for the proposition that HMEPS, because it is a public employee pension fund, is not an adequate lead plaintiff. (McHardy Reply at 9.) In fact, the *Oxford* Court approved the government employee pension fund as one of three lead plaintiffs in that case. *See* 182 F.R.D. at 46–47. The *Oxford* Court's concern with the government employee pension fund serving as lead plaintiff was predicated on the specific facts of that case and fails to support the broad proposition advocated by McHardy. Specifically, upon questioning at a hearing, counsel for the pension fund withdrew its initial representation that the pension fund "would fund the expenses of the litigation." *Id.* at 46. The *Oxford* Court's concerns were not based on any general hostility towards public pension funds as lead plaintiffs. *See id.; see also* S.Rep. No. 104–98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690, 1995 WL 372783 (dis-

cussing, as a general matter, the belief of the Committee on Banking, Housing and Urban Affairs that "an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors").

McHardy brings no proof or specific claims to rebut HMEPS's adequacy, which is a failure to "demonstrate[ ] a reasonable basis" for challenging HMEPS's adequacy. Accordingly, no discovery is available under PSLRA. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iv) (providing that discovery is available "only if" such reasonable basis is demonstrated by the another plaintiff). The Court finds HMEPS to be an adequate Class representative and discovery on this issue to be unnecessary.

## C. *LEAD COUNSEL STANDARD*

 The PSLRA instructs that upon appointing a lead plaintiff, he or she "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (*quoting In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir.2001)).

HMEPS has selected Bernstein Liebhard as lead counsel, a representative of which has submitted a declaration setting forth the firm's extensive experience in prosecuting securities fraud actions. (Seidman Decl. at Ex. 4.) Accordingly, the Court approves HMEPS's selection of Bernstein Liebhard as its choice of lead counsel. *See, e.g., In re Tarragon Corp. Sec. Litig.*, No. 07 Civ. 7972, 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007) (approving counsel based on "affidavit setting forth [the] law firm's experiences as class counsel").

---

4. HMEPS has not yet filed a consolidated complaint. As stipulated and ordered on February 4, 2013, HMEPS shall file such consolidated complaint "no later than 30 days following the issuance" of KIT'S restatement regarding "its historical financial statements for the years ending 2009, 2010, and 2011, each of the three quarters in 2009, 2010, and 2011, and the quarters ended March 31, 2012 and June 30, 2012." (Stipulation and Scheduling Order, Feb. 4, 2013, Dkt. No. 63.)

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 11) of Houston Municipal Employees Pension System ("HMEPS") for appointment as Lead Plaintiff for the proposed class in this action pursuant to Section 21D(a)(3) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is **GRANTED;** and it is further

**ORDERED** that the motion of HMEPS for appointment of the law firm of Bernstein Liebhard LLP as Lead Counsel for the class, pursuant to the PSLRA, is **GRANTED;** and it is finally

**ORDERED** that the motion (Docket No. 19) of Robert McHardy for appointment of lead plaintiff and lead counsel are **DENIED.**

**SO ORDERED.**